FILED
CLERK

2/21/2025 2:27 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

HELBERG, *et al.,*

                    Plaintiffs,

          -against-

WELLS FARGO BANK, NATIONAL
ASSOCIATION *as trustee for* MERRILL
LYNCH MORTGAGE INVESTORS TRUST
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2004-OPT1, *et al.,*

                    Defendants.
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

For Online Publication Only

**ORDER**
23-cv-8073 (JMA) (SIL)

**AZRACK, United States District Judge:**

     *Pro se* Plaintiffs Steven and Deidre Helberg ("Plaintiffs") commenced this action against

Defendants Wells Fargo Bank, National Association as trustee for Merrill Lynch Mortgage

Investors Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 ("Wells Fargo");

Aldridge Pite LLP ("Aldridge"); Fein, Such & Crane, LLP ("Fein"); Golden National Mortgage

Banking Corp ("Golden National"); PHH Mortgage Corporation ("PHH"); Sand Canyon

Corporation ("Sand Canyon"); Shapiro & Dicaro, LLP ("Shapiro"); McCabe, Weisberg and

Conway, P.C. 1 ("McCabe"); Bank of America Mortgage Nationsbanc Mortgage Bank Corp

("Bank of America"); and "John Doe #1" to "John Doe #10" (collectively, "Defendants").  (See

ECF Nos. 1, 14.)  Plaintiffs allege:  (1) violations of the Due Process Clause, pursuant to 42 U.S.C.

§ 1983; (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"); (3) violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"); (4);

obstruction of the administration of justice; (5) common law fraud; (6) conspiracy to commit

common law fraud; (7) forgery; (8) wrongful foreclosure; (9) breach of contract; (10) negligence;

(11) slander of title; (12) slander of credit; and (13) infliction of emotional distress.  (See ECF No. 14.)  Plaintiffs do not specify against which Defendants they bring each claim.  (Id.)

On August 22, 2024, Defendants Wells Fargo, Aldridge, PHH, Sand Canyon, Shapiro, McCabe and Bank of America (collectively, the "Appearing Defendants") moved to dismiss the Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (See ECF No. 46.)  On September 30, 2024, this Court referred the motion to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R").  (See Elec. Order dated Sep. 30, 2024.)

Before the Court today is a R&R from Judge Locke (ECF No. 50), which recommends that Defendants' motion to dismiss be granted and that the Amended Complaint be dismissed, with prejudice in part and without prejudice in part.  Specifically, the R&R recommends that Plaintiffs' claims for: (1) violations of TILA; (2) common law fraud; (3) conspiracy to commit common law fraud; (4) forgery; (5) breach of contract; (6) violation of due process pursuant to 42 U.S.C. § 1983; (7) obstruction of the administration of justice; and (8) violations of the FDCPA be dismissed with prejudice; and that Plaintiffs' causes of action for: (1) wrongful foreclosure; (2) negligence; (3) infliction of emotional distress; (4) slander of title; and (5) slander of credit be dismissed without prejudice.  No objections to the R&R have been filed; the time for doing so has expired.  For the reasons stated below, the R&R is adopted in its entirety.

## I.    LEGAL STANDARD

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).  "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates

as a waiver of further judicial review of the magistrate's decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (quoting Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted). Clear error will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quoting United States v. Garcia, 413 F.3d 201, 222 (2d Cir. 2005)).

## II.       DISCUSSION

The Court has carefully reviewed the record and the unopposed R&R for clear error and, finding none, hereby adopts Judge Locke's well-reasoned and twenty-nine paged R&R in its entirety as the opinion of the Court.

## III.       CONCLUSION

Accordingly, Defendants' motion to dismiss is GRANTED and the Amended Complaint is dismissed, with prejudice in part and without prejudice in part. The Clerk of Court is respectfully requested to close ECF Nos. 46 and 50, enter judgment, and close this case. The Appearing Defendants are directed to promptly serve a copy of this Order on Plaintiffs and Defendants Fein, Such & Crane, LLP and Golden National Mortgage Banking Corp. at their last known addresses and file proof of service.

**SO ORDERED.**

Dated: February 21, 2025
Central Islip, New York

                                        /s/  JMA
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

3